UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DEBORAH C. YATES            )
                            )
v.                          )   NO. 2:05-CV-267
                            )
JO ANNE B. BARNHARDT,        )
Commissioner of Social Security )

**MEMORANDUM OPINION**

The plaintiff Deborah C. Yates has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Yates was born in 1959 and was 46 years old at the time of her second administrative hearing. [Tr. 18, 66]. She completed high school and has relevant past work experience as a library assistant, youth care worker, and secretary. [Tr. 18]. Ms. Yates alleges she is disabled as of October 15, 2002, from human parvo virus, fibromyalgia, joint pain, fatigue, numbness in both arms, and back pain. [*Id.*]. In May 2004, an Administrative Law Judge [ALJ] found that Ms. Yates was not disabled. [Tr. 46]. The Appeals Court remanded the case in October 2004 for further proceedings.

[Tr. 55-56]. In May 2005, the ALJ found that Ms. Yates was not disabled as defined by the Social Security Act based upon a finding that her severe impairments were not severe enough. [Tr. 22]. The Appeals Council denied Ms. Yates' request for review in August 2005. [Tr. 7-9].

At Ms. Yates' second administrative hearing held on April 21, 2005, the testimony of Ms. Yates, medical expert Dr. Theron Blickenstaff, and vocational expert Donna J. Bardsley was received into evidence. [Tr. 418-40]. Ms. Yates testified she has not worked for more than a few weeks since October 15, 2002. [Tr. 418]. She indicated her neck condition had gotten worse since her last administrative hearing in 2004. [*Id.*]. Ms. Yates also experiences numbness in her arms and migraines in addition to periodically losing consciousness. [Tr. 420-22].

Medical expert Dr. Blickenstaff testified next that Ms. Yates had degenerative arthritis of the spine, probable associated neurological deficit in the upper extremities, obstructive sleep apnea, and a possible seizure disorder. [Tr. 430-31]. None of these conditions, however, met or equaled a listing for disability. [Tr. 431]. Dr. Blickenstaff believed Ms. Yates could lift 30 pounds occasionally and 15 pounds frequently so long as she also avoided repetitively strenuous use of her hands. [*Id.*]. She also should not drive on the job or work around heights and hazardous machinery. [*Id.*].

2

Case 2:05-cv-00267   Document 14   Filed 03/15/06   Page 2 of 5   PageID #: 2

Vocational expert Donna Bardsley testified next that Ms. Yates' past relevant work as a census taker was light and unskilled; her work as a customer service representative was sedentary and unskilled; her work as a receptionist/secretary was sedentary and skilled; her work as an insurance clerk was sedentary and skilled; her work as a library assistant was medium and unskilled; and her work as a substitute teacher was light and skilled. [Tr. 435]. The ALJ then asked her to assume a woman of Ms. Yates' age, education, and past relevant work history who could lift 30 pounds occasionally and 15 pounds frequently so long as she also avoided repetitively strenuous use of her hands. [Tr. 435-36]. She also should not drive on the job or work around heights and hazardous machinery. [Tr. 436]. According to the vocational expert, such a person could perform a narrow range of light work, including work as a cashier, sales clerk, information clerk, order clerk, hand packager, sorter, assembler, inspector, hostess/greeter, ticket seller, and cleaner. [Tr. 436-37].

The ALJ ruled that Ms. Yates was not disabled because her severe impairments of degenerative disc disease of the cervical spine, degenerative arthritis of the left knee, and carpal tunnel syndrome of the right upper extremity were not severe enough to warrant a finding of disability. [Tr. 22]. The ALJ then found Ms. Yates retained the residual functional capacity [RFC] to "perform a narrow range of light work not requiring strenuous or repetitive type activity with the right upper extremity, work not

3

requiring lifting with both hands greater than 20 pounds occasionally or 10 pounds frequently, work not requiring more than occasional stooping or crouching, and work not requiring kneeling or crawling." [Tr. 22]. With those limitations, Ms. Yates could perform work that exists in significant numbers in the national economy. [Tr. 24].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Yates requests a judgment on the pleadings and challenges the ALJ's reliance on the testimony of the vocational expert. According to Ms. Yates, the hypothetical question asked of vocational expert Donna Bardsley was deficient because the ALJ asked her to interpret the testimony of medical expert Dr. Blickenstaff. In reality, the ALJ simply asked the vocational expert if she was present

4

for the doctor's testimony and if she heard the limitations he proposed. [Tr. 436]. Nothing in those questions was inappropriate.

Ms. Yates also contends the ALJ erred by not making findings regarding the sedating effect of the medication she takes. At the second administrative hearing, Dr. Blickenstaff merely testified that sleepiness was a possible side effect of the medications Ms. Yates took. [Tr. 431, 432]. The doctor did not specifically state, as Ms. Yates claims in her brief, that she was affected by this side effect. In addition, Ms. Yates denied to her health care providers that she experienced any medication side effects. [Tr. 93-94]. Given the lack of medical evidence that Ms. Yates suffered sedation from her medication, the ALJ did not err by not making a finding.

After careful consideration of the entire record of proceedings related to this case, Ms. Yates' motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE